UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MIKE SELBY,

                Plaintiff,                          **ORDER TO SHOW CAUSE**
                                                                          24-CV-8761 (LDH) (LB)
   -against-

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF INVESTIGATION,
111TH POLICE PRECINCT, JAMAICA
HOSPITAL,

                Defendants.
----------------------------------------------------------X
LaSHANN DeARCY HALL, United States District Judge:

      Plaintiff Mike Selby, appearing pro se, filed this action against the United States of America, the Federal Bureau of Investigation (the "FBI"), the 111th Police Precinct, Jamaica Hospital, and several unidentified police officers, family members, and hospital staff, alleging violations of his Fourth and Fourteenth Amendment rights and international human rights law. Plaintiff paid the filing fee to commence the action. As set forth below, Plaintiff is directed to show cause by March 5, 2025 why this action should not be dismissed.

## BACKGROUND

      Plaintiff was hospitalized at Jamaica Hospital from December 2023 to late January 2024. (Compl. at 10, ECF No. 1.) Plaintiff alleges that during this time, he was being unlawfully surveilled and manipulated by the FBI, CIA and NYPD, and that medical staff at Jamaica Hospital and family members were complicit in the alleged conduct. (*Id*. at 10–11.) According to Plaintiff, "family members, police officers and hospital staff [] engaged in manipulation and deceptive practices" which resulted in his "involuntary and wrongful admittance and transportation to the hospital [by] police officers." (*Id*. at 11.) There, Plaintiff purportedly

1

"observed a potential surveillance device planted in the [hospital] room" and when he informed law enforcement of the surveillance, deception, and manipulation, law enforcement failed to investigate his claims. (*Id*. at 10–11.)

Plaintiff alleges that he suffered psychological harm and experienced financial losses, a loss of privacy, and an "adverse reaction to medications." (*Id*.) He seeks unspecified damages, as well as a preliminary injunction enjoining Defendants from unlawfully surveilling and manipulating him. (*Id.* at 14; Ltr. Mot. Prelim. Inj. at 2, ECF No. 5.)

## DISCUSSION

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Iqbal*, 556 U.S. at 678. While this standard requires more than a "sheer possibility" of a defendant's liability, *id*., "[i]t is not the [c]ourt's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the [c]ourt must merely determine whether the complaint itself is legally sufficient, and in doing so, it is well settled that the [c]ourt must accept the factual allegations of the complaint as true." *Id*. (internal citation omitted).

Moreover, where, as here, a plaintiff is proceeding *pro se*, their pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*,

521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)). This is "particularly so when the *pro se* plaintiff alleges that [their] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Still, "even *pro se* plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555)).

Nonetheless, a district court may dismiss a *pro se* action *sua sponte*, even if the plaintiff has paid the Court's filing fee, if it determines that the action is frivolous or that the Court lacks subject matter jurisdiction. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (affirming *sua sponte* dismissal of frivolous *pro se* complaint where *pro se* plaintiff had paid the required filing fee). An action is frivolous when "either (1) 'the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy;' or (2) 'the claim is based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (quoting *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam)). A finding of frivolousness is appropriate "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Such is the case here.

Plaintiff simply alleges that Defendants unlawfully surveilled, manipulated, and deceived him during a period of involuntary hospitalization, and that law enforcement refused to investigate his complaints about said conduct. (Compl. at 10–11.) Even construing the complaint most liberally, Plaintiff's claims rise to the level of irrational or wholly incredible and,

3

thus, are frivolous. *See Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) ("A court may dismiss a claim as factually frivolous if the sufficiently well-pleaded facts are clearly baseless– that is, they are fanciful, fantastic, or delusional.") (internal quotation marks omitted); *Burton v. USA*, No. 21-cv-6238, 2022 WL 1093217, at *3 (E.D.N.Y. Apr. 12, 2022) (dismissing *pro se* plaintiff's complaint as frivolous because the allegations rise to the level of the irrational); *Gilot v. Gov't*, No. 21-cv-4346, 2021 WL 3861684, at *2 (E.D.N.Y. Aug. 27, 2021) (dismissing *pro se* plaintiff's claims because they are "entirely fanciful and frivolous").

      Plaintiff's claims must be dismissed on this basis alone. However, in any event, the complaint cannot proceed against the United States or the FBI as these Defendants are entitled to sovereign immunity. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency ... is essentially a suit against the United States, such suits are ... barred under the doctrine of sovereign immunity, unless such immunity is waived."). The claims against the United States and its agencies must be dismissed, as the Court lacks subject matter jurisdiction over them. *See United States v. Sherwood,* 312 U.S. 584, 586 (1941)) ("[I]f the Government has not waived its sovereign immunity, or if the conditions under which the Government has agreed to waive that immunity have not been met, federal subject matter jurisdiction does not exist over the plaintiff's claims[.]").

      Moreover, the complaint cannot proceed against the 111th Police Precinct because the New York Police Department ("NYPD") is not a suable entity. Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter Ch. 17, § 396. That

4

provision "has been construed to mean that New York City departments [and agencies, such as the NYPD and its precincts], as distinct from the City itself, lack the capacity to be sued. *See Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (NYPD not a suable entity); *Williams v. John*, No. 23-cv-9583, 2024 WL 1468112, at *3 (E.D.N.Y. 2024) (dismissing police precinct).

Finally, the Plaintiff's claims cannot proceed against Jamaica Hospital, a private institution, as "[a] private hospital is generally not considered a state [] or federal [] actor." *Anthony v. Med. Staff at Inst.*, No. 16-cv-1122, 2016 WL 1383491, at *2 (E.D.N.Y. Apr. 7, 2016) (quoting *White v. St. Joseph's Hosp.*, 369 F. App'x 225, 226 (2d Cir. 2010) ("[P]rivate actors and institutions, such as ... hospitals ... are generally not proper § 1983 defendants because they do not act under color of state law.").

## CONCLUSION

Plaintiff is hereby ordered to show in writing by March 5, 2025 why this action should not be dismissed. *See Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018) (holding that a district court should provide notice and opportunity before *sua sponte* dismissal); *Phillips v. Long Island R.R. Co.*, No. 22-123, 2023 WL 2317231, at *1 (2d Cir. Mar. 2, 2023).

If Plaintiff fails to show cause within the time allowed or fails to allege a sufficient basis for upon which the complaint may proceed, the action will be dismissed and the Clerk of Court shall be directed to enter judgment and close this case. Defendants are not required to respond at this time.

In light of this Order, Plaintiff's motion for a preliminary injunction is DENIED. Plaintiff's request for subpoenas, (ECF No. 6), is also DENIED. The Court will not consider any further motions, applications or requests by Plaintiff until he has responded to this Order.

Although Plaintiff paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to the Plaintiff and to note the mailing on the docket.

SO ORDERED.

      /s/LDH
LaSHANN DeARCY HALL
United States District Judge

Dated: Brooklyn, New York
       February 19, 2025